UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL BARKA NABIL NAGI and ENAS
MOHAMMED AHMED MOHAMMED
ALZOKARI,

      Plaintiffs,

v.

TODD BLANCHE[1] et al.,

      Defendants.

Case No. 25-11967
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS [7]**

---

Al Barka Nabil Nagi, a United States citizen, filed an I-130 "Petition for Alien Relative" with the United States Citizenship and Immigration Services (USCIS) on behalf of his spouse living in Yemen, Enas Mohammed Ahmed Mohammed Alzokari. (ECF No. 1, PageID.13.) An I-130 petition allows a "U.S. citizen to seek 'immediate relative' status for their non-citizen spouse[,]" which may lead to an immigrant visa for that spouse. *See Stone v. Blinken*, No. 23-12181, 2024 WL 3556183, at *1 (E.D. Mich. July 26, 2024) (citations omitted). When USCIS had not responded to the I-130 petition for "over eight months," Nagi and his wife filed this lawsuit, seeking a writ of mandamus and declaratory and injunctive relief "to compel" Defendants "to adjudicate Plaintiffs' pending" petition. (*Id.* at PageID.1.) Plaintiffs allege that

---

[1] Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi. *See* Fed. R. Civ. P. 25(d).

"Defendants' failure to timely adjudicate the petition" violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment's Due Process Clause. (*Id.* at PageID.19–23.)

Defendants move to dismiss. (ECF No. 7.) The motion is fully and adequately briefed (ECF Nos. 10, 11), so the Court will decide it without additional argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the motion is GRANTED as to the requested relief.

## I.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. (*See generally* ECF No. 7.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack, like Defendants' here, tests the pleading's sufficiency, not the veracity of its allegations. *Stout v. United States*, 721 F. App'x 462, 465 (6th Cir. 2018). So the Court "takes the allegations in the complaint as true" and "[i]f those allegations establish federal claims, jurisdiction exists." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order

2

to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

In considering arguments under Federal Rule of Civil Procedure 12(b)(6), the Court "construes the complaint in the light most favorable" to Plaintiffs and determines whether their "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs do not need to provide detailed factual allegations to survive a motion to dismiss, *see HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but their allegations must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court addresses Defendants' three arguments for dismissal in turn.

## II.

The Court starts with jurisdiction, as it must. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 430–31 (2007). Defendants argue that Plaintiffs' APA and mandamus claims must be dismissed under Rule 12(b)(1) for want of jurisdiction because Plaintiffs fail to "identity a clear, non-discretionary duty for USCIS to adjudicate the petition of any particular citizen within a specified period of time." (*See* ECF No. 7, PageID.67.) "When a petitioner seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

3

The Mandamus Act provides the Court with authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But it is a "drastic and extraordinary remedy" that is "only to be reserved for extraordinary situations." *Maftoum v. Chavez*, No. 07-12819, 2007 WL 3203850, at *3 (E.D. Mich. Oct. 31, 2007) (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004)). Among other things, the Act requires that a defendant "owe [plaintiff] a clear and nondiscretionary duty." *Id.* (citing *Work v. United States ex rel. Rives*, 267 U.S. 175, 177–78 (1925)).

Likewise, the APA gives courts authority to compel action by federal administrative agencies. That law requires an agency act "within a reasonable time . . . [to] proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In turn, the APA empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). And like the Mandamus Act, this remedy vanishes when the action complained of "is committed to agency discretion by law." *Id.* § 701(a)(2).

To start, "[t]he APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014). "But the APA, in conjunction with this Court's federal-question jurisdiction, 28 U.S.C. § 1331, may vest the Court with jurisdiction." *Mysaev v. U.S. Citizenship & Immigr. Servs.*, 2022 WL 2805398, at *4 (N.D. Tex. July 18, 2022) (quoting 5 U.S.C. § 706(1)). True, "[t]he immigration statutes and regulations do not prescribe an enforceable deadline by which USCIS is required to

4

adjudicate petitions." *Almadhrhi v. USCIS Texas Serv. Ctr.*, No. 25-1154, 2026 WL 531537, at *2 (N.D. Tex. Feb. 26, 2026) (citation omitted). Still, the APA mandates that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). So "[c]ourts have determined from this that the Government has a non-discretionary duty to adjudicate applications within a reasonable time." *Ahmed v. Bitter*, 727 F.Supp.3d 630, 636 (S.D. Tex. 2024) (citations omitted); *see also Amir Abdulmonem Sankari v. U.S. Dep't of State*, No. 24-12975, 2025 U.S. Dist. LEXIS 103480, at *10 (E.D. Mich. May 30, 2025). "This means in turn that jurisdiction exists as a federal question under § 706(1) of the APA as to action seeking to compel the Government to observe the reasonable-time mandate with respect to adjudication of [Plaintiffs'] . . . application." *Id.*

Here, Plaintiffs "seek[] to compel defendants to observe the APA's reasonable-time mandate with respect to the I-130 petition" which "had been pending for [8] months" when the case was filed. *See Almadhrhi*, 2026 WL 531537, at *2. Following the rulings of other courts in similar situations, this Court finds that it has subject matter jurisdiction over Plaintiffs' APA claim. *See id.* (collecting cases).

Because the APA provides Plaintiffs with an adequate remedy if they can establish unreasonable delay in the adjudication of the application, the Court lacks jurisdiction over their mandamus claim. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) ("Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there

is an adequate remedy under the APA, we may elect to analyze the APA claim only."); *Stone,* 2024 WL 3556183, at *7 (dismissing mandamus claim for lack of jurisdiction given availability of an APA remedy); *Telukunta v. Mayorkas,* No. 21-10372, 2021 WL 2434128, at *3 (E.D. Mich. June 15, 2021) (same). And in any event, as described below, Plaintiffs' APA claim fails, so their mandamus claim does as well. *See Fawaz v. U.S. Dep't of State,* No. 24-13248, 2026 WL 801431, at *4 (E.D. Mich. Mar. 23, 2026) ("Because Farwaz could not establish unreasonable delay under the APA, her request for mandamus fails for the same reasons.").

Defendants' motion to dismiss under Rule 12(b)(1) is thus granted as to Plaintiffs' mandamus claim but denied as to the APA claim.

### III.

Defendants next move to dismiss on the grounds that Plaintiffs fail to plausibly allege unreasonable delay in adjudication of the petition. (*See* ECF No. 7, PageID.71–77.) In response, Plaintiffs contend that whether the alleged delay is unreasonable "is a fact question inappropriate for resolution at the pleading stage." (ECF No. 10, PageID.94.) But many courts, including in this District, say otherwise. *See, e.g.,* *Fawaz,* 2026 WL 801431, at *2 ("[I]t is appropriate . . . at this [motion to dismiss] stage to assess whether the Plaintiff has alleged sufficient facts to state a plausible claim for unreasonable delay." (collecting cases)); *Stone v. Blinken,* No. 23-12181, 2024 WL 3556183, at *4 (E.D. Mich. July 26, 2024) ("To begin, Plaintiff asserts it is not appropriate to consider [arguments for an unreasonable delay] . . . at the motion-to-dismiss stage. The Court disagrees.").

6

So as Rule 12(b)(6) requires, the Court will proceed to analyze whether Plaintiffs state a plausible claim for unreasonable agency delay at this stage of the case. And to do so, the Court will rely on the Sixth Circuit's adoption of the six-factor test in *Telecommunications Research & Action Center (TRAC) v. FCC*, 750 F.2d 70 (D.C. Cir. 1984); *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022). The six "*TRAC* factors" include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 451–52 (citation omitted). The Court addresses each in turn.

**1.**

The first and second factors measure whether the time taken to make a decision was reasonable and in line with Congress' instructions for the agency. *See id.* They are often "considered together." *Fawaz*, 2026 WL 801431, at *2 (citation omitted).

"Many courts consider the first *TRAC* factor—that the time agencies take to make decisions must be governed by a rule of reason—to be the most important." *Id.* (citation omitted). USCIS, explains the government, generally adjudicates I-130 petitions "on a first in first out basis with priority based on country-by-country visa availability." (ECF No. 7, PageID.72.) Plaintiffs do not plead otherwise. Instead, they respond that USCIS can, in their view, adjudicate petitions quicker "when the agency functions properly." (ECF No. 10, PageID.98.) Plaintiffs' argument fails to persuade, however, because "[c]ourts have routinely found this system of adjudication to qualify as a 'rule of reason' under the first TRAC factor." *Stone*, 2024 WL 3556183, at \*10 (citation omitted). Defendants thus satisfy the first *TRAC* factor.

"The second factor, whether 'Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed,' . . . 'may supply content for [the agency's] rule of reason.'" *Id.* (citation omitted). "Because there is no firm timetable for adjudication, 'courts typically turn to case law as a guide' to evaluate the first two factors." *Id.* (citation omitted); *see also Janay v. Blinken*, 743 F. Supp. 3d 96, 114 (D.D.C. 2024) ("Because there is no statutory or regulatory framework within which the Department of State must adjudicate I-130 applications, the Court turns to case law as its guide."). That case law shows that courts generally find "immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 176 (D.D.C. 2020) (citation omitted); *see also Yafai v. U.S. Dep't of*

*State,* No. 23-13199, 2024 WL 2806948 (E.D. Mich. May 31, 2024) (applying same standard in context of I-130 petition).

The parties here largely agree on the length of the delay: eight months when the case was filed, and either eleven months when this motion was briefed according to Defendants (ECF No. 7, PageID.64, 71), or twelve months according to Plaintiffs (ECF No. 10, PageID.93). Even the one-year time span falls significantly below the three-to-five-year *reasonable* range and is months below the 17-month processing time that USCIS publicizes (ECF No. 7, PageID.64). Thus, Plaintiffs rely on "the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." (ECF No. 1, PageID.3 (citing 8 U.S.C. § 1571).) As Defendants point out, however, that timeframe "does not create an enforceable right." (*Id.* at PageID.70 (collecting cases)); *see also Stone,* 2024 WL 3556183, at *11–12 ("Though 8 U.S.C. § 1571(b) expresses Congress's 'sense' that 'immigration-benefit applications should be adjudicated within six months,' the plain language of the statute lacks mandatory language and therefore cannot be interpreted as a legal requirement.") (citation omitted); *Abdolai v. Mayorkas,* No. 24-7628, 2025 U.S. Dist. LEXIS 110083, at *10 (D.N.J. June 10, 2025) (reiterating that, with respect to the adjudication of visa petitions, "the 180-day period set forth in 8 U.S.C. § 1571(b) is aspirational, not mandatory"). Defendants thus satisfy the second *TRAC* factor.

9

**2.**

The third and fifth factors turn on "health, welfare, and prejudice" and "both consider the effects of delay." *Fawaz*, 2026 WL 801431, at *3 (citations omitted). These effects can include Plaintiffs' "concrete injuries to their familial and financial interests as a result of the delay." *Id.* (citation omitted).

Plaintiffs allege that "[d]ue to the delay in adjudication," they are "forced to live apart[,]" which in turn places Alzokari's "life at risk." (ECF No. 1, PageID.2.) Plaintiffs allege the delay also causes "a severe financial and emotional strain on [them]" which has rendered them "unable to definitively plan for their future and have been forced to put future plans on hold." (*Id.*) So factors three and five weigh in favor of Plaintiffs. *See Yafai*, 2024 WL 2806948, at *5 ("Several courts have found that these factors weigh in favor of plaintiffs when delays force them to postpone their lives together as married couples." (collecting cases)).

**3.**

"Courts typically afford 'great weight' to the fourth factor, which considers the effect the relief requested would have on other agency activities of a similar or higher priority." *Fawaz*, 2026 WL 801431, at *3 (citations omitted). "Other courts in this district have found that this factor favors defendants when 'a judicial order putting a plaintiff's application at the head of the queue would move all others back one space and produce no net gain.'" *Id.* (citations omitted). Plaintiffs maintain that the government "has not demonstrated that it is actually treating all petitions equitably or that it lacks the capacity to decide this case." (ECF No. 10, PageID.98.) But that is

10

not the government's burden. It is Plaintiffs who must allege facts showing that Defendants "have treated [them] differently than any other [I-130] applicants facing similar circumstances" and there is a "basis to believe [they were] singled out for slower adjudication." *Fawaz*, 2026 WL 801431, at \*2 (citations omitted). Plaintiffs' conclusory and unsupported assertions that there is a "broad policy of 'extreme vetting' for Yemeni nationals" does not meet that standard. *See, e.g.*, *Yafai*, 2024 WL 2806948, at \*5 (applying fourth factor against Yemeni petitioner in I-130 context); *Salem v. Noem*, No. 24-11522, 2025 WL 1567864 (N.D. Ill. June 3, 2025) (same); *Kussem v. Blinken*, No. 21-1441, 2022 WL 670831 (D.D.C. Mar. 7, 2022) (same).

**4.**

As to the sixth *TRAC* factor, the Court "need not find any impropriety lurking behind agency lassitude" to satisfy an unreasonable delay claim. *Barrios Garcia*, 25 F.4th at 451. But Plaintiffs still allege "that the delay is tied to a broad policy of 'extreme vetting' for Yemeni nationals." (ECF No. 10, PageID.99.) As above, however, Plaintiffs' unsubstantiated assertion does not move the needle from possible to plausible. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (explaining that a "district court need not, however, accept as true legal conclusions or unwarranted factual inferences" when ruling on a motion to dismiss under Rule 12(b)(6)). This is all the more so in light of the comparative length of the delay at issue—i.e., two years *less than* what courts consider *reasonable* and months below the publicly announced USCIS processing time. (*See* ECF No. 11, PageID.114.) So while an improper motive

11

is not required to satisfy this *TRAC* factor, Plaintiffs nonetheless fail to make that showing.

**5.**

In all, factors one, two, four, and six weigh in favor of Defendants; factors three and five go to Plaintiffs. That breakdown is insufficient for Plaintiffs to plausibly claim unreasonable delay in processing Alzokari's application. *See Fawaz*, 2026 WL 801431, at *4 (dismissing unreasonable delay claim where "[o]nly the third and fifth *TRAC* factors plausibly favor" the plaintiff); *Yafai*, 2024 WL 2806948, at *5 (same); *Stone*, 2024 WL 3556183, at *7 ("Two of the factors favor Plaintiff (but only slightly) while four factors favor Defendants. The Court therefore finds it appropriate to dismiss Plaintiff's APA claim alleging unreasonable delay.").

**A.**

Next, Defendants also move to dismiss Plaintiffs' due process claim. (ECF No. 7, PageID.77–78.)

The Fifth Amendment guarantees that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. Establishing a recognized property or liberty interest is a threshold requirement to invoke either a procedural or substantive due process claim. *See Springs v. U.S. Dep's of Treasury*, 567 F. App'x 438, 448 (6th Cir. 2014).

Defendants maintain that Nagi "lacks a fundamental liberty interest in his wife's admission to the United States" such that he "cannot assert a due process claim related to his I-130 petition." (ECF No. 7, PageID.78.) Plaintiffs counter that they

"are not asserting a 'right to have immigration benefits granted' or some entitlement to immediate visa issuance" but instead "assert a liberty interest in making personal decisions concerning their marriage and family life without arbitrary, unjustified government interference." (ECF No. 10, PageID.100.)

However creatively framed, the interest at stake is Alzokari's admission to the country based on her marriage to a United States citizen. And the Supreme Court recently held, consistent with a prior Sixth Circuit ruling, that "a citizen does not have a fundamental liberty interest in [his] noncitizen spouse being admitted to the country." *Dep't of State v. Munoz*, 602 U.S. 899, 909 (2024); *see also Baaghil v. Miller*, 1 F.4th 427, 433 (6th Cir. 2021) ("American residents—whether citizens or legal residents—do not have a constitutional right to require the National Government to admit noncitizen family members into the country."). Without any protected liberty interest, Plaintiffs cannot plead a plausible substantive due process claim. *See, e.g.*, *Fawaz*, 2026 WL 801431, at *4 (E.D. Mich. Mar. 23, 2026) (dismissing due process claim under *Munoz* for a pending I-310 petition); *Sankari v. U.S. Dep't of State*, No. 24-12975, 2025 WL 1550231, at *9 (E.D. Mich. May 30, 2025) ("Plaintiff cited no case law and made no argument which demonstrates that a citizen has any right, let alone a fundamental right, in having his family member's visas adjudicated within a certain timeframe.")

The result is the same for Plaintiffs' procedural due process claim. *Munoz* explained that "the Constitution does not ordinarily prevent the government from taking actions that 'indirectly or incidentally' burden a citizen's legal rights." 602 U.S.

at 917 (citations omitted). That means a "claim to a procedural due process right in *someone else's* legal proceeding would have unsettling collateral consequences." *Id.* at 916 (emphasis in original). So while Nagi may experience harm in USCIS' delayed adjudication of the petition, that "harm does not give [him] a constitutional right to participate in [his spouse's] consular process." *Id.*; *see, e.g., Sankari*, 2025 WL 1550231, at *9 (dismissing procedural due process claim under *Munoz*); *Kane v. U.S. Att'y Gen.*, No. 23-14192, 2024 WL 3650239, at *7 (11th Cir. Aug. 5, 2024) (reasoning that due process claim in I-130 context failed under *Munoz* where one spouse "filed a petition to obtain an immigrant visa for her noncitizen spouse as an immediate relative"); *Province of St. Joseph of the Capuchin Ord., Inc. v. United States Sec'y of State*, No. 25-10048, 2026 WL 607522, at *3 (E.D. Mich. Mar. 4, 2026) ("As an initial matter, to the extent that St. Joseph claims to have a procedural due process right in the way Mumyu's visas are adjudicated, those claims are barred.")

Plaintiffs have thus failed to state a due process claim, such that the claim must be dismissed.

## IV.

Finally, Plaintiffs' request for declaratory relief (ECF No. 1, PageID.9) also fails because "[w]here, as here, the underlying claim fails, there is nothing for the court to declare[,]" so that claim "must be dismissed." *Yafai*, 2024 WL 2806948, at *6.

So too for Plaintiffs' requests for fees and costs. (ECF No. 1, PageID.19.) Plaintiffs seek recovery under the Equal Access to Justice Act (EAJA), which "provides for an award of attorney fees to a party prevailing against the United States

in a civil action when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). But Plaintiffs are not "prevailing parties," so their request for fees is unwarranted. *See Yafai*, 2024 WL 2806948, at \*6 n.3 ("Here, Plaintiffs are not prevailing parties and thus, are not entitled to fees under EAJA.")

## V.

The Court is not unsympathetic to the plight of this husband and wife whose life together is delayed by a slower than hoped for decision on their I-130 application. But they have not adequately alleged that this delay is unreasonable.

Thus, for the reasons above, Defendants' motion to dismiss (ECF No. 7) is GRANTED IN PART and DENIED IN PART. Specifically, the motion to dismiss under Rule 12(b)(1) is denied as to the APA claim but granted as to the mandamus claim, and the motion to dismiss is granted in full under Rule 12(b)(6). As a result, the Court directs the clerk's office to close the case.

IT IS SO ORDERED.

Dated: April 15, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

15